**UNITED STATES of America and Marshall P. Jennings, Revenue Agent, Petitioner-Appellees,**

v.

**Donald R. HUENE and Annette S. Huene, Respondents-Appellants.**

**Nos. CA 83–2345, DC 83–241.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 1984.

Decided Oct. 23, 1984.

Roger Olsen, Deputy Atty. Gen., Michael L. Paup, Chief, Glenn Archer, Jr., Asst. Atty. Gen., Charles E. Brookhart, Stephen Gray, U.S. Dept. of Justice, Washington, D.C., for petitioner-appellees.

Donald R. Huene and Annette S. Huene, pro se.

Before ALARCON and CANBY, Circuit Judges, and STEPHENS *, District Judge.

PER CURIAM:

Taxpayers were summoned by the Internal Revenue Service to appear for a tax

* The Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

audit, pursuant to 26 U.S.C. § 7602 (1982). They agreed to appear, but only on condition that they be permitted to videotape the proceedings. The Revenue Agent refused to proceed on those terms, and the Service obtained an order from the district court requiring taxpayers to comply with the summons without videotaping the audit. Taxpayers appeal from that order.

Taxpayers concede that they have no constitutional right to videotape the audit. They rely entirely on *Mott v. MacMahon,* 214 F.Supp. 20, 22 (N.D.Cal.1963), which allowed taxpayers to bring their own certified court reporter to an audit, while noting that the propriety of including or excluding such a reporter must depend upon a case by case consideration.

The difficulty with taxpayers' position is that the Service has accepted the ruling in *Mott,* and its manual provides that taxpayers may ordinarily make audiotape, stenographic or other verbatim recordings of audits. 1 Audit, CCH Internal Revenue Manual, Ch. 4245. It is undisputed that in this case the Service was willing to permit taxpayers to use such methods of recording. Taxpayers contend, however, that videotape offers certain advantages for the recording of documents and registering the appearance of persons. To that it may be countered that the Service and the district court could reasonably conclude that videotaping each document would unduly disrupt the proceedings. In any event, taxpayers' arguments miss the point. The question is not whether the Service might reasonably elect to permit the use of video recorders; it is whether it violates any right of taxpayers for the Service not to permit such use. We conclude that in the circumstances of this case it does not.

Taxpayers were offered other means of recording the audit which were fully adequate to memorialize the proceedings. The documents that they wish to videotape are their own records, which may be freely copied. Appearances can be noted in a transcript or tape recording; while mistakes can of course be made, they can also be made by omission in videotaping.

Since there is no basic unfairness to taxpayers, their rights have not been violated. *Cf. United States v. Hastings,* 695 F.2d 1278, 1280 (11th Cir.) (no constitutional right to have criminal trial televised), *cert. denied,* 461 U.S. 931, 103 S.Ct. 2094, 77 L.Ed.2d 303 (1983).

In ordering taxpayers to appear for audit, the district court permitted them to be accompanied by "a certified shorthand reporter duly licensed pursuant to the provisions of the Business and Professions Code of the State of California." In our view, the requirement of certification is overly restrictive. The Service manual does not require that the taxpayers' reporter be certified, *supra* Ch. 4245, nor is the Service's own reporter required to be certified, *id.* at Ch. 9353(3). In the circumstances of this case, the requirement exceeds the district court's discretion. We therefore modify the order of the district court to delete the requirement of certification, and the order as modified and in all other respects is AFFIRMED.