**UNITED STATES of America and Ricky W. West, Revenue Agent of the Internal Revenue Service, Appellees,**

v.

**Shirley M. BLACK, Appellant.**

**UNITED STATES of America and Ricky W. West, Revenue Agent of the Internal Revenue Service, Appellees,**

v.

**F. Warren BLACK, Appellant.**

**Nos. 86–1477, 86–1478.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1986.

Decided Nov. 17, 1986.

---

James M. Smart, Jr., Kansas City, Mo., for appellant.

David M. Moore, Washington, D.C., for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

FAGG, Circuit Judge.

Shirley M. and F. Warren Black appeal the district court's order directing them to comply with Internal Revenue Service (IRS) administrative summonses. We affirm.

The Blacks appeared after being summoned for a tax audit and were prepared to proceed on the condition the audit could be videotaped at the Blacks' expense. The IRS agent refused the request and cancelled the audit. IRS policy permits a verbatim audio or stenographic recording of the audit procedure but prohibits the use of videotape. *See* Internal Revenue Manual §§ 11(23), 4245.

The IRS filed petitions in the district court to enforce the summonses. The petitions were referred to a magistrate who refused the Blacks' request for an evidentiary hearing to determine whether the IRS' videotape prohibition was justified. The district court adopted the magistrate's recommendation the summonses be enforced, following the reasoning of a factually similar case. *See United States v. Huene*, 745 F.2d 1216 (9th Cir.1984) (per curiam), *cert. denied*, 105 S.Ct. 3501 (1985).

On appeal the Blacks claim the district court's refusal to permit videotaping violates their fifth amendment due process rights because videotape is a superior method of memorializing the events of an audit and the taping has not been shown by the IRS to disrupt the standard audit procedure. The Blacks, however, like the taxpayers in *Huene*, have "miss[ed] the point." *Huene*, 745 F.2d at 1217. The issue here is not whether the IRS has adequately justified its prohibition against videotaping or whether videotape is a superior method of recording a tax audit. It is instead whether the Blacks have shown that the prohibition violates their due process rights when an alternate method of verbatim recording is permitted.

After careful review, we believe there is no basic unfairness here. The Blacks and the IRS agree the Blacks are entitled to memorialize their audit proceedings. The district court has permitted them to make an audio or stenographic recording of their audit. Essentially, the Blacks argue they have the right to dictate the particular means by which a verbatim record is made. Under the circumstances of this case we cannot find a violation of the Blacks' due process rights.

The district court's order directing compliance with the summonses is affirmed.